United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RONALD G FUCCI,

Petitioner,

v

A P KANE, Acting Warden,

Respondent.

BOARD OF PAROLE HEARINGS,

Real party in interest.

/

No C 06-1941 VRW

ORDER

Respondent Anthony Kane has moved to dismiss petitioner Ronald Fucci's petition for habeas corpus claiming it is barred by the one-year statute of limitations under 28 USC section 2244(d)(1). Doc #7. Petitioner opposes respondent's motion and argues that his petition was filed within the one-year limitations period. Doc #10.

The court has reviewed both parties' memoranda and finds oral argument unnecessary to adjudicate this matter. For the reasons stated herein, respondent's motion to dismiss is DENIED.

\\

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 USC section 2244(d)(1). The parties agree that section 2244(d)(1) applies, but disagree about when to begin counting the days and whether petitioner is entitled to tolling between his state-court filings. The following table sets forth the relevant dates and events.

| Date | Event | Days from Previous Event |
|---|---|---|
| December 18, 2003 | The Board of Prison Terms (BPT)[1] conducted petitioner's parole hearing at issue. Doc #7, Ex 3. | - |
| March 1, 2004 | Petitioner files an administrative appeal of the BPT's denial of his parole. Doc #7, Ex 4. | - |
| March 17, 2004 | The BPT's decision to deny petitioner parole becomes final. Doc #7, Ex 3 at 76. | - |
| September 7, 2004 | Petitioner files his habeas petition in Fresno County Superior Court. Doc #7, Ex 6. | - |
| September 30, 2004 | Fresno County Superior Court denies petitioner's habeas petition. Doc #7, Ex 6. | 0 |
| January 5, 2005 | Petitioner files his habeas petition in the court of appeals. Doc #7, Ex 7. | 97 |
| January 13, 2005 | The court of appeals denies petitioner's habeas petition. Doc #7, Ex 8. | 0 |
| June 21, 2005 | The BPT denies petitioner's appeal. Doc #10, Ex 1. | - |
| June 22, 2005 | Petitioner files his habeas petition in California Supreme Court. Doc #7, Ex 9. | 160 |
| February 22, 2006 | California Supreme Court denies petitioner's habeas petition. Doc #7, Ex 10. | 0 |
| March 14, 2006 | Petitioner files habeas petition with this court. Doc #1. | 20 |

[1]The BPT was abolished on July 1, 2005 and replaced with the Board of Parole Hearings (BPH). See Cal Gov Code section 12838.4 (2007).

**United States District Court**
For the Northern District of California

I

Subparagraph (D) of § 2244(d)(1) applies to habeas petitions challenging parole board decisions. See Shelby v Bartlett, 391 F3d 1061, 1065-66 (9th Cir 2004); Redd v McGrath, 343 F3d 1077, 1081-85 (9th Cir 2003). Subparagraph (D) mandates that the statute of limitations begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 USC section 2244(d)(1)(D). The "factual predicate" used by courts in habeas cases challenging parole board actions is the day the administrative appeal becomes final, subject to the petitioner receiving proper notice. Shelby, 391 F3d at 1066; Redd, 343 F3d at 1084.

Respondent agrees that the event triggering the statute of limitations is the date petitioner received the denial of his administrative appeal -- in this case, June 25, 2005. Doc #7 at 3. Respondent contends, however, that petitioner "waived his right to benefit from the statute of limitations rule" by filing his habeas petition in superior court before his administrative appeal was decided. Id at 3-4. The court rejects this argument.

The sole case respondent cites in support of his waiver argument is United States v McGee, 993 F2d 184 (9th Cir 1993). In McGee, the United States brought suit against McGee for unpaid federal tax assessments. 993 F2d at 185. McGee did not dispute the merits of the government's claim but asserted that the government was time-barred from bringing the suit. Id. McGee submitted an offer in compromise to the IRS that contained the following waiver:

> The taxpayer-proponents waive the benefit of any statute of limitations applicable to the assessment and collection of the liability sought to be compromised, and agree to

> the suspension of the running of the statutory period of limitations on assessment and collection for the period during which this offer is pending, * * * and for 1 year thereafter.

Id (ellipses in original). The IRS accepted McGee's offer. Id.

In McGee, the court was asked to determine the date on which the offer in compromise was no longer pending and, thus, when the waiver of the statute of limitations terminated. Id. The court held that the waiver was valid -- and the statute of limitations tolled -- until the government formally rejected McGee's offer, or until McGee withdrew his offer. Id at 186.

Petitioner, by contrast, a prisoner challenging the BPT's decision to deny him parole, filed a habeas petition in pro per in superior court after waiting in vain nearly six months for the BPT to issue a decision on his administrative appeal. Petitioner's impatience was perhaps not without basis: the BPT did not issue a decision on petitioner's appeal until June 21, 2005–over sixteen months after petitioner filed his administrative appeal and one day before petitioner filed his habeas petition in the California Supreme Court. Doc #10, Ex 1; Doc #7, Ex 9. Under respondent's reading of McGee, the court must impute to petitioner an intent to waive the benefit of the rule that the statute of limitations begins to run only upon the issuance of a final administrative decision.

The court finds little resemblance between McGee and the instant case. McGee, an employer who conceded that he failed to pay the government money he withheld from his employees' wages for taxes, voluntarily entered into a contractual relationship with the Internal Revenue Service that tolled the statute of limitations running against the government while the parties tried to reach a

United States District Court
For the Northern District of California

compromise and included an express, written waiver. Petitioner can hardly be analogized to the employer in McGee.

Respondent further invokes a scenario in which a habeas petitioner, by proceeding to exhaust his judicial remedies while his administrative appeal was still pending, "could wait indefinitely for the administrative decision without the statute ever running." Resp Reply at 3. The factual predicate of this scenario, however, is that the responsible agency perpetually failed to act on the administrative appeal; under respondent's theory, the prisoner would never receive a final administrative decision and his claim would therefore never become ripe for adjudication in the courts. While this might be more convenient for the potential habeas respondents in such cases, it would hardly be a just state of affairs. A better solution would be more timely processing of administrative appeals.

II

The statute of limitations is tolled upon the filing of a collateral challenge in state court until there is final resolution in the state system. See 28 USC section 2244(d)(2); Evans v Chavis, 546 US 189, __ (2006); Carey v Saffold, 536 US 214, 219-20 (2002); Brown v Poole, 337 F3d 1155, 1158 (9th Cir 2003). But if the petitioner "unreasonably delays" in filing a subsequent petition after the lower court's denial, the claim is no longer "pending" and will not toll the statute of limitations. See Chavis, 546 US 189, __ (2006); Saffold, 536 US at 225-27; Gaston v Palmer, 447 F3d 1165, 1166-67 (9th Cir 2006).

Respondent argues that petitioner unreasonably delayed in filing his petition with both the court of appeals and the

California Supreme Court. Doc #7 at 4-5. Petitioner essentially concedes that the 160-day lapse of time between the court of appeal's denial and his filing in the California Supreme Court was "unreasonable" but denies that the other two delays were not reasonable. The court finds it unnecessary to delve into the details of this issue. In light of the court's ruling that the statute of limitations did not begin to run before petitioner's state court filing, the tolling issue cannot affect the outcome of this motion. According to the chart on page 2 above, the three periods of delay totaled 277 days. Assuming, arguendo, that tolling was unavailable and all of these time periods counted toward the limitations period, petitioner still filed his federal habeas petition well within 2244(d)(1)'s one-year limitations period.

For the forgoing reasons, respondent's motion to dismiss is DENIED. Respondent shall now respond on the merits to the order to show cause dated July 27, 2006. Doc #2. Respondent's response is due on or before May 4, 2007.

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge